(115 App. Div. 572)

## MEANEY v. HURWITZ.

(Supreme Court, Appellate Division, Second Department.  November 16, 1906.)

NEGLIGENCE—EVIDENCE—RES IPSA LOQUITUR.

Where plaintiff was standing on the sidewalk, receiving planks from a scaffold within 14 inches to 2½ feet of an awning frame owned by defendant, the falling of a piece of timber constituting a brace for the awning frame did not raise a presumption of negligence on the part of defendant.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 218.]

Hooker, J., dissenting.

Appeal from Municipal Court of New York.

Action by John Meaney against Wulf Hurwitz.  From a judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

John T. Smith (F. Angelo Gaynor, on the brief), for appellant.
Emanuel S. Cahn, for respondent.

WOODWARD, J.  The plaintiff was an iron worker, employed by the Brooklyn Rapid Transit Company in making repairs upon its elevated structure at the corner of Myrtle and Clinton avenues, in the borough of Brooklyn.  With others he was engaged in taking down a scaffolding which had been erected underneath the elevated railroad. He was standing upon the sidewalk in front of premises owned by, and we will assume in the control of, the defendant.  One Downey was upon the scaffold, handing down planks from 14 to 20 feet in length and 12 inches wide and 2 inches thick, and the plaintiff and one McDonald were taking these planks as they came down.  Two planks had been lowered, and the third one was being handed down, when a piece of timber, constituting a brace upon an awning frame maintained by the defendant, fell and struck the plaintiff upon the head, causing the injuries for which he is seeking damages.  The alleged negligence of the defendant consists, according to the evidence, in not discovering that this stick of timber, 14 feet long and 2 by 4 inches in size, had rotted at one end, thus allowing it to fall.

The case was tried, and the respondent is attempting to sustain the judgment, upon the theory that the mere falling of this timber raises a presumption of negligence as against the defendant, and we are cited to a number of cases in which the doctrine of "res ipsa loquitur" is applied to the facts of those cases; but it seems to us that none of them are controlling here, upon the evidence as it has been given by the plaintiff.  If the plaintiff had been walking along the street, and this timber had fallen on him, without any act on his part other than walking the street, a different question might be presented.  But here the plaintiff and his fellow servants were at work taking down a scaffolding within from 14 inches to 2½ feet of this awning frame.  They were handling heavy planks, which appear to have been handled within a few inches of the frame, and there is not a particle of evidence

to show that they had not struck the frame or wrenched it in a manner to loosen the timber. The evidence is absolutely silent upon this point. It is all confined to the fact that they were taking down the planks and that the timber fell, and, because there is no evidence of the cause which produced the fall, it is urged that the defendant must be presumed to have been negligent in maintaining this timber as a part of the awning frame. It seems clear to us that this is not enough. The plaintiff was bound to show from the facts and circumstances that the timber did not fall through any act of himself or his fellow servants, before the foundation for the doctrine of "res ipsa loquitur" is laid. The mere happening of the accident is never sufficient to raise a presumption of negligence. The facts and circumstances under which the accident occurred are always essential, and here it is far more reasonable to suppose that this timber was caused to fall by reason of some act of the plaintiff and his fellow servants than it is to assume that it fell just as that particular moment because of any negligence on the part of the defendant in failing to inspect the timber; and the burden was upon the plaintiff to show the facts and circumstances, so that it could be fairly said that the accident was not due to any cause outside of the defendant's negligence. This the evidence does not disclose. From anything which appears in this case, the plaintiff himself, in handling the planks which had been passed down to him, may have wrenched this brace timber loose. He may have been the proximate cause of the accident, and the law imposes on him the duty of showing absence of contributory negligence in this, as in every case where another is charged with damages.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.